**12 CIV 4039**

*JUDGE KARAS*

# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CANDACE BARCIA ) | |
| ) | |
| **Plaintiff** ) | **Case Number:** |
| ) | |
| **vs.** ) | |
| ) | **CIVIL COMPLAINT** |
| IC SYSTEMS, INC. ) | |
| ) | **JURY TRIAL DEMANDED** |
| **Defendant** ) | |
| ) | |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Candace Barcia, by and through her undersigned counsel, Bruce K. Warren, Esquire of Warren Law Group, P.C., complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1.      Plaintiff, Candace Barcia, is an adult natural person and brings this action for actual and statutory damages and other relief against Defendant for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive and unfair practices, as well as violations of the New York General Business Law §349 and violations of the TCPA and Invasion of Privacy.

### II. JURISDICTION

2.      Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3.      Venue in this District is proper in that Plaintiff resides in this District.

### III.  **PARTIES**

4.      Plaintiff, Candace Barcia, (hereafter, Plaintiff) is an adult natural person residing in Hastings on Hudson, New York.  At all times material and relevant hereto, Plaintiff is a "consumer" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5.      Defendant, IC Systems, Inc., (hereafter, Defendant), at all times relevant hereto, is and was a corporation engaged in the business of collecting debt within the State of New York and the State of Minnesota, with a primary location at 444 East Highway 9, St. Paul, MN 55164.

6.      Defendant is engaged in the collection of debts from consumers using the telephone and mail.  Defendant, is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

### IV.  **FACTUAL ALLEGATIONS**

7.      In early 2012, Plaintiff started to receive collection calls from the Defendant on a debt allegedly owed by her sister, Kim, on a past due veterinary bill.

8.      At that time, Plaintiff informed Defendant that they were calling the wrong number, and that they needed to contact her sister Kim directly.

9.      Despite Defendant being made aware that they were calling the wrong number, the calls continued.

10.     Plaintiff was told the only way the Defendant could help her was for her to just turn over her MasterCard or Visa account number to pay the debt off.

11.     Defendant is demanding payment of $440.00 from Plaintiff on a debt that does not belong to her.

12.     Defendant has completely ignored the fact that they are contacting the wrong person and have insisted that the Plaintiff is now responsible for the debt.

13.     As of the filing of this complaint, Plaintiff continues to receive daily calls from Defendant to her personal cell phone and to her home number.

14.     Plaintiff has been forced to contact her local police department to file a complaint due to the frequency of the Defendant's calls.

15.     Defendant and their agents have had more than ample time to revise their account information and remove the Plaintiff's contact numbers from their files.

16.     The Defendant acted in a false, deceptive, misleading and unfair manner when they engaged in conduct the natural consequences of which is to harass, oppress, or abuse such person in connection with the collection of a debt, especially that of one belonging to another.

17.     The Defendant knew or should have known that their actions violated the FDCPA.  Additionally, Defendant could have taken the steps necessary to bring their and their agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

18.     At all times pertinent hereto, Defendant was acting by and through their agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

19.     At all times pertinent hereto, the conduct of Defendant, as well as their agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiff herein.

20.     As a result of Defendant's, conduct, Plaintiff has sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to

Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and she will continue to suffer same for an indefinite time in the future, all to her great detriment and loss.

## COUNT I – FDCPA

21.     The above paragraphs are hereby incorporated herein by reference.

22.     At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiff for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

23.     The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

| | |
|---|---|
| §§ 1692b(2): | Contact of Third Party: Stated that the consumer owes any debt |
| §§ 1692b(3): | Contact of Third Party: Contacted a person more than once unless requested to do so |
| §§ 1692c(a)(1): | At any unusual time or unusual place or unusual time and place |
| §§ 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| §§ 1692d(5): | Caused the phone to ring or engaged any person in telephone conversations repeatedly |
| §§ 1692e: | Any other false, deceptive, or misleading representation or means in connection with the debt collection |

§§ 1692e(10):      Any false representation or deceptive means to collect a debt or obtain information about a consumer

§§ 1692e(12):      Debt has been turned over to innocent purchasers for value

§§ 1692f:      Any unfair or unconscionable means to collect or attempt to collect the alleged debt

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant, for the following:

a.     Actual damages;

b.     Statutory damages pursuant to 15 U.S.C. § 1692k;

c.     Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d.     Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II

### Violations of New York General Business Law §349

24.     Plaintiff hereby restates realleges and incorporates herein by reference all foregoing paragraphs as if set forth fully in this count.

25.     Under New York General Business Law §349, deceptive acts or practices in the conduct of any business conducted in the State of New York are unlawful.

26.     GBL §349 provides in relevant part as follows:

(a)     Deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishings of any service in this state are hereby declared unlawful

(g)     This section shall apply to all deceptive acts or practices declared to be unlawful, whether or not subject to any other law of this state, and shall

not supersede, amend or repeal any other law of this state under which the attorney general is authorized to take any action or conduct inquiry

(h)     In addition to the right of action granted to the attorney general pursuant to this section, any person who has been injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover their actual damages or fifty ($50) dollars whichever is greater, or both such actions.  The court may, in discretion, increase the award of damages to an amount not to exceed three times the actual damages up to one thousand dollars, if the court finds the Defendant willfully or knowingly violated this section.  The court may award reasonable attorney's fees to a prevailing Plaintiff.

27.     As a direct and proximate result of Defendant's deceptive acts and practices, committed in violation of GBL §349, Plaintiff was damaged in that she, among other things, suffered stress and anxiety as a result of the practices and actions of the Defendant.

**WHEREFORE** Plaintiff prays this Honorable Court enter judgment in their favor and against Defendant, and Order the following relief:

a.     Actual damages

b.     Statutory damages

c.     An award of reasonable attorney's fees and expenses and cost of suit; and

d.     Such additional relief as is deemed just and proper, or that the interest of justice may require.

## COUNT III –TCPA

28.     The above paragraphs are hereby incorporated herein by reference.

29.     At all times relevant hereto, Defendant unlawfully, intentionally and fraudulently violated the TCPA, 47 U.S.C. §227 et. seq. and 47 C.F.R. 64.1200 et. seq.

30.     The foregoing acts and omissions constitute violations of the TCPA, including but not limited to:

      a.     The Defendant used an automatic telephone dialing system that had capacity to store or produce telephone numbers using random or sequential number generation and dialed the telephone number associated with the Plaintiff.

      b.     The Defendant initiated telephone calls to Plaintiff's telephone using artificial and prerecorded voice to deliver a message without the prior consent of the Plaintiff.

      c.     The Defendant initiated communication to the Plaintiff using an automatic dialer that was not in compliance with the technical and procedural standards set forth by the TCPA.

WHEREFORE, Plaintiff respectfully requests that this court enter judgment in his favor and against Defendant, and Order the following relief:

      a.     Actual damages;

      b.     Statutory damages;

      c.     Reasonable attorney's fees and costs of suit pursuant to 15 U.S.C. §1692k; and

      d.     Treble damages.

## COUNT IV

## INVASION OF PRIVACY BY INTRUSION UPON SECLUSION

31.    The above paragraphs are hereby incorporated herein by reference.

32.    The Restatement of Torts, Second, § 652(b) defines intrusion upon seclusion as, "One who intentionally intrudes…upon the solitude or seclusion of another, or his private affairs or concerns, is subject to liability to the other for invasion of privacy, if the intrusion would be highly offensive to a reasonable person."

33.    New York recognizes Plaintiff's right to be free from invasions of privacy, thus Defendant violated PA state law.

34.    Defendant intentionally intruded upon Plaintiff's right to privacy to be continually harassing Plaintiff with frequent telephone calls, abusing Plaintiff.

35.    The telephone calls made by Defendant to Plaintiff were so persistent and repeated with such frequency as to be considered, "hounding the plaintiff," and "a substantial burden to his existence," thus satisfying the Restatement of Torts, Second, § 652(b) requirement for an invasion of privacy.

36.    The conduct of Defendant in engaging in the illegal collection activities resulted in multiple invasions of privacy in such a way as would be considered highly offensive to a reasonable person.

37.    As a result of the intrusions and invasions, Plaintiff is entitles to actual damages in an amount to be determined at trial from Defendant.

38.    Defendant's acts were reckless, willful, and intentional and/or were done with knowledge of their harmful effects towards Plaintiff and as such Defendant is subject to punitive damages.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

a.      Actual damages

b.      Reasonable attorney's fees and litigation expenses, plus costs of suit;

c.      Punitive damages; and

d.      Such additional and further relief as may be appropriate or that the interests of justice require.

## V. **JURY DEMAND**

Plaintiff hereby demands a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN LAW GROUP, P.C.**

Date:  May 4, 2012          BY: _____
                                 Bruce K. Warren, Esquire

                                 Warren Law Group, PC
                                 57 Cooper Street
                                 Woodbury, NJ 08096
                                 P: (856)848-4572
                                 F: (856)324-9081
                                 Attorney for Plaintiff